FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 22 AM 11: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 22 1999

| | |
|---|---|
| ROBERT LEE WEAVER, JR., an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 97-G-3123-S ) |
| NPC INTERNATIONAL, INC., a corporation, d/b/a Pizza Hut #1103, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The instant case is an action by which plaintiff Robert Weaver filed suit alleging eight counts of malicious prosecution against his former employer NPC International, Inc., d.b.a Pizza Hut #1103 [hereinafter NPC], based on his arrest for theft of property.

Mr. Weaver had been employed by NPC for approximately eighteen months in various positions before being promoted to store manager of the Hueytown, Alabama, Pizza Hut. He held that position for approximately six months before being moved to the larger Fairfield, Alabama, store in January 1992. In his



capacity as Hueytown store manager he, Shirley Jordan and Jason Hudson, two other employees, were responsible for making daily deposits in NPC's bank account at the National Bank of Commerce. Plaintiff, trained in NPC's cash handling procedures and its requirements for making deposits, had trained others in the procedures by which cash and checks from the register were placed in a deposit bag with a completed deposit slip signed by the depositor. Prior to making the deposit a daily sales report worksheet summarizing deposits made during the day, deposit bag number, signature of the manager making the deposit, and amount of the deposit was completed. The register tape showing how much money had been cleared from the register was stapled to the worksheet. If the deposit were made during the bank's business hours the depositor would return to the store with the deposit bag and a validated copy of the deposit slip. If the deposit were made after banking hours the deposit was placed in the bank's locked, night deposit box. Verification of the deposit was furnished to the manager the next day when the deposit bag or bags were picked up.[1]

---

[1] These procedures were routine at all NPC locations.

Plaintiff testified that he frequently made deposits to the night box and understood that by signing for the deposit and completing the daily sales report worksheet he was certifying the deposit was made into the NPC account and he was responsible for any discrepancies.

NPC's corporate office routinely checked its bank statements against verified deposit slips and paperwork received from the individual restaurants. During a February 1992[2] check of the Hueytown restaurant records Randy Beaver, NPC's area manager and plaintiff's supervisor, discovered that eight deposits ranging over a period from November 26, 1991, through January 4, 1992,[3] signed for by the plaintiff, were not deposited into the NPC bank account. NPC had no bank verification slips showing plaintiff's deposits had been made. It did have records of deposits made by Shirley Jordan and Jason Hudson on the subject dates.

---

[2] Plaintiff had already been moved to the Fairfield location.

[3] November 26, 1991--$200.00; December 30, 1991--$300.30; January 2, 1992--$500.02; January 2, 1992--$302.02; January 3, 1992--$800.03; January 3, 1992--$790.03; January 3, 1992--$270.03; January 4, 1992--$510.04.

In conversations with the three individuals, Ms. Jordan and Mr. Hudson denied taking the money. Plaintiff was unable to explain the missing deposits. He claims he was not allowed to check the records for himself. The "evidence" had been out of his hands for a period of time.

After Mr. Beavers completed his investigation NPC provided the information[4] to the Hueytown Police Department based on its belief the money had been taken. Mr. Henry Wallace who had taken over the management of the Hueytown Pizza Hut provided an affidavit to the police verifying Weaver's employment at the Hueytown location and verification of the missing money.[5]

Plaintiff was arrested in March 1992. Upon an April 1992 finding by a judge of probable cause that Weaver was guilty of theft of the money the district attorney presented the case to the grand jury in June. Plaintiff was indicted on eight counts of theft of the missing money. On October 26, 1996, upon the

---

[4] Bank statements, original copies of deposit slips, daily sales report worksheets, and register tapes.

[5] Mr. Wallace who had never met Mr. Weaver was terminated later in 1992 for theft, according to plaintiff.

recommendation of the district attorney, a judge *nolle-prossed*[6] all charges.

The court has three motions before it, two of which deal with motions to strike. The court denies the motion to strike the declaration of Randy Beavers. The attacked material was not necessary in reaching the summary judgment material and has not been considered by the court. Furthermore, the motion is too general and does not specify the material under attack. The court further denies the motion of the defendant to strike the declaration of Robert Lee Weaver.

The court is left with defendant's motion for summary judgment. In order to successfully pursue a case for malicious prosecution plaintiff must prove **each** of the following elements:

1) There was a judicial proceeding initiated by the present defendant:

2) The judicial proceeding was initiated without probable cause;

3) The judicial proceeding was initiated with malice;

4) The judicial proceedings terminated in favor of the plaintiff; and

5) The plaintiff suffered damage.

---

[6] This is a docket entry that shows that the plaintiff or the prosecution relinquished the action.

5

*Alabama Power Co. v. Neighbors*, 402 So. 2d 958, 966 (Ala. 1981) (referring to *S.S. Kresge Co. v. Ruby*, 348 So. 2d 484, 487 (Ala. 1977).

Plaintiff has argued that pursuant to *Chatman v. Pizitz, Inc.*, 429 So. 2d 969, 971 (Ala. 1983), when a case is *nolle-prossed* that it is terminated in favor of the plaintiff: "We ... hold that a *nolle prosequi* of the charge is a judicial determination which will support the plaintiff's *prima facie showing of the 'favorable disposition'* element of a malicious prosecution claim." The court must therefore determine whether the plaintiff has satisfied the other elements.

Although the court is convinced defendant had probable cause in its belief that plaintiff was guilty of theft of the missing money,[7] it did not initiate the proceedings against Weaver. "It is axiomatic that there can be no cause of action for malicious prosecution unless the evidence shows that the

---

[7] NPC conducted an investigation, satisfying itself there was no bank error. There was evidence of a strong suspicion plaintiff was responsible for taking the missing deposits: plaintiff was responsible for depositing each of the bags of missing money into NPC's bank account; plaintiff denied entrusting anyone else to deposit the money; the bank confirmed the money had not been deposited; and, plaintiff could not explain why the money had not been deposited.

judicial proceeding was instigated by the defendant. *Brown v. Parnell*, 386 So. 2d 1137 (Ala. 1980); *Kresge Co. v. Ruby*, 348 So. 2d 484 (Ala. 1977); W. Prosser, *Handbook of the Law of Torts* § 119, pp.835-38 (4th ed. 1971)." *Neighbors*, 402 So. 2d at 962. NPC turned the matter over to the Hueytown Police Department. Plaintiff was eventually indicted. In *Neighbors*, 402 So. 2d at 962, the court stated:

> If a defendant merely gives the district attorney's office information regarding an alleged crime, leaving the decision to prosecute entirely to the uncontrolled discretion of the district attorney, who thereafter makes his own independent investigation and thereupon takes the information before the grand jury which returns indictments against the suspects, the defendant, in a malicious prosecution action, is not regarded as having instigated the criminal proceeding.

*See American Surety Co. v. Pryor*, 217 Ala. 244, 115 So. 176 (1927), portions of which are quoted in *Neighbors,* 402 So. 2d at 962-63, for a discussion of the rule and recognition of the public policy supporting the rule that citizens not be fearful of reporting suspected crimes, quoting a portion of *Ryan v. Orient Insurance Co.*, 96 Vt. 291, 119 A. 423 (1923), 402 So. 2d at 964.

Plaintiff has failed to carry the burden of showing that NPC instigated the prosecution in the case at bar. The court holds as a matter of law that NPC is due summary judgment. An

order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 22nd day of January 1999.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
                              J. FOY GUIN, JR.
```

8